UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHOINE DESHAW ODOM,

        Plaintiff,

v.                                     Case No. 2:12-cv-374
                                      HON. ROBERT HOLMES BELL

DANIEL HINES, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff has filed a motion for a preliminary injunction (docket #11), asserting that Defendants Jacobson, Turner, and Goodreau have tampered with Plaintiff's food trays. I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted.

        The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

        1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

        2. Whether the movant has shown irreparable injury.

        3. Whether the preliminary injunction could harm third parties.

        4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action.  *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).  A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights or that Plaintiff will suffer irreparable harm absent injunctive relief.  Further, plaintiff's motion for a temporary restraining order is entirely unrelated to his underlying claim as set forth in Plaintiff's proposed amended complaint (docket #13-1) or his supplements to the proposed amended complaint (docket ##14-16).  *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.")  Moreover, the named defendants were not involved in administrating plaintiff's prison account.  A temporary restraining order is not an appropriate remedy.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a temporary restraining order be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 3, 2013

- 3 -