UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ANTHOINE DESHAW ODOM,

        Plaintiff,                  Case No. 2:12-cv-374

v.                                     Honorable Robert Holmes Bell

DANIEL HINES, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthoine Deshaw Odom filed this civil rights action pursuant to 42 U.S.C. § 1983 against numerous individuals. Plaintiff has filed three motions for a preliminary injunction (docket #22, #66, and #73), and a "motion for deritive [sic] action" (docket #75), all alleging that co-workers of Defendants or former Defendants at the Marquette Branch Prison (MBP) harassed Plaintiff, and Plaintiff responded by "taking [his] slot hostage." The Emergency Response Team (ERT) was already in the vicinity and used chemical agents on Plaintiff. Once gassed, Plaintiff was not allowed to wash the chemicals off. In addition, Plaintiff was chained in a knee bent position for 24 hours. Plaintiff states that when he received his property, it was mixed up and some of his papers were missing. Finally, Plaintiff states that Defendants interfered with his mail. Plaintiff seeks to be transferred to Ionia Correctional Facility.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits. In addition, the court notes that Plaintiff's allegations regarding the use of chemical agents

concerns a past incident, not ongoing conduct. Plaintiff's remaining claims of wrongdoing merely constitute harassment. In addition, Plaintiff has been transferred from MBP to the Baraga Maximum Correctional Facility (AMF). Therefore, Plaintiff has failed to establish that he will suffer irreparable harm if the requested relief is not granted. Accordingly, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights. As noted above, Plaintiff states that he was subjected to misconduct in the past. Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief as a transfer to Ionia Correctional Facility will not correct past harm.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motions for a preliminary injunction (docket #22, #66, #73, and #75) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 28, 2014